**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: RIQUEL GONZALEZ SALCERIO
and TERESA N. RIVERO,

        Debtors.

Case No: 22-16008-RAM
Chapter 13

_____/

**OBJECTION IN OPPOSITION TO DEBTORS' EXPEDITED MOTION FOR CONTINUATION OF THE AUTOMATIC STAY AS TO ALL CREDITORS**

**COMES NOW** the Creditor, Ramon Moreda, and Creditor MZM Medical Management LLC by and through undersigned Counsel files this Objection In Opposition To Debtors' Expedited Motion For Continuation Of The Automatic Stay As To All Creditors filed by the Defendant/Debtor Teresa Rivero and as grounds therefore states:

**Jurisdiction and Venue**

1. The Plaintiff/Creditor, Ramon Moreda is an unsecured creditor with a claim against the Defendant/Debtor Teresa Rivero in the amount of 100,000.00 plus bank fees and service fees plus $300,000.00 (treble damages) that is due with interest on an unpaid insufficient check.

2. Plaintiff/Creditor, Ramon Moreda filed a lawsuit In The Circuit Court Of The Eleventh Judicial Circuit In And For Miami-Dade County, Florida, Case Number 2021-006102-CA-01 (22) pursuant to FS 68.065 against the Defendant/Creditor Teresa Rivero.

3. .On or about June 1, 2019, Defendant executed one (1) written order for payment totaling $100,000.00, commonly called a check, payable to the order of Plaintiff and delivered it to the Plaintiff.

4. The check was presented for payment to Plaintiff's bank, but payment was refused.

5. Plaintiff holds the check, and it has not been paid.

6. Defendant owes Plaintiff the amount of $100,000.00 plus bank fees and service fees in the amount of $5,012.00 plus $300,000.00 (treble damages) that is due with interest on the check.

7. On June 21st, 2021 Plaintiff made written demand on Defendant by certified mail, delivered on June 24, 2021, evidenced by a return receipt, in accordance with Florida Statutes Section 68.065 and has otherwise complied with all condition's precedent to the filing of this action.

8. The check was dishonored as the Defendant did not have sufficient funds in the account to pay the amount stated on the day the check was tendered.

9. The Defendant/Debtor Teresa Rivero had full knowledge the account did not have sufficient funds for the check to clear when the check was tendered and when the check was presented for payment.

10. The Defendant/Debtor Teresa Rivero intentionally scammed the Plaintiff/Creditor, Ramon Moreda as she had no intention of repaying the original loan of $100,000.00 when the transaction agreed upon.

11. Plaintiff/Creditor, Ramon Moreda is the owner of the sole owner of the Plaintiff/Debtor Medical Management, LLC.

12. In November of 2018, the Defendant/Debtor Teresa Rivero and Defendant/Creditor, Riquel Gonzalez Salcerio approached Plaintiff/Creditor Ramon Moreda with a business offer to purchase interests in TR Physicians Group, LLC and Nieves Medical Center, LLC.

13. Defendant/Debtor Teresa Rivero and Defendant/Debtor, Riquel Gonzalez Salcerio had ownership rights in Tr Physicians Group, LLC and Nieves Medical Center, LLC

14. Defendant/Debtor Teresa Rivero and Defendant/Debtor, Riquel Gonzalez Salcerio had apparent and/or actual authority to offer the Plaintiff to purchase interests in Tr Physicians Group, LLC and Nieves Medical Center, LLC

15. In November 2018 through September 25th, 2019, in reliance on all the representations by Defendant/Debtor Teresa Rivero and Defendant/Debtor, Riquel Gonzalez Salcerio stated above, Plaintiff tendered the full amount of $535,000.00 to the Defendant/Debtor Teresa Rivero and Defendant/Debtor, Riquel Gonzalez Salcerio Defendants Rivero, Tr Physicians Group, LLC and Nieves Medical Center, LLC as consideration of the pending transaction to purchase.

16. The Plaintiff/Creditor Ramon Moreda owns MZM Medical Management, LLC, which structured the transaction.

17. Without disclosing the following to the Plaintiff MZM on or about April 15th, 2019 Defendants Rivero, Nieves and TR offered similar business transaction to an unknown third party named Carmen Bustamante.

18. In reliance on all the representations to Carmen Bustamante, Carmen Bustamante issued a check to Defendant Nieves Medical in the amount of $50,000.00.

19. The actions of the Defendants Rivera, Nieves and TR is proof the transactions offered to Plaintiff MZM was never going to culminate in the transfer of interest of Tr and/or Nieves to the Plaintiff MZM.

20. The Defendants Rivero, TR and Nieves failed to disclose the material fact that it was seeking purchasers for the same property the Plaintiff MZM had already tendered payment towards closing.

21. Despite ongoing representations and negotiations between the parties a formal purchase agreement was never drafted.

22. Due to the Defendants failure to finalize the purchase transaction despite the acceptance of the funds and the urgings of the Plaintiff, MZM, the parties entered into a Loan Agreement to memorialize the funds received by the Defendants from the Plaintiff, MZM and Addendum.

23. The Defendants Rivero, Nieves and TR had no intention of transferring interests of TR and Nieves to the MZM as it could the transaction as it cannot reasonably close on the subject property which is he subject to a lawsuit filed by Carmen Bustamante.

24. Defendant, Riquel Gonzalez Salcerio and Defendant/Debtor Teresa Rivero failed to repay the funds to owed to MZM.

25. Defendant/Debtor Teresa Rivero failed to pay the funds owed to the Plaintiff, Ramon Moreda for the insufficient funds check.

26. On June 21st, 2021 Plaintiff made written demand on Defendant by certified mail, delivered on June 24, 2021, evidenced by a return receipt, in accordance with Florida Statutes Section 68.065 and has otherwise complied with all condition's precedent to the filing of the action filed in the action.

27. The actions of the Defendant/Debtor Teresa Rivero of requesting a loan for $100,000.00 with no intention of repayment, issuing an insufficient check as repayment of the $100,000.00 when pressed to repay the loan and entering into a transaction to sell an interest in two companies is evidence of larceny, fraud and malice and the Plaintiff/Creditor is entitled to damages.

28. The Movants filed a lawsuit in in the 11th Judicial Circuit of Miami Dade Florida Case # 2021-006102-CA-01 on 03/12/2021.

29. Only days before Ramon Moreda' Motion for Summary Judgment was to be heard without opposition from the Debtor the Debtor filed a Suggestion of Bankruptcy dated 01/04/2022.

30. On 01/04/2022 Ramon Moreda and MZM Medical Management, LLC filed Adversary case 22-01142 against Teresa N Rivero and Riquel Gonzalez Salcerio.

31. On 05/18/202 the Trustee Nancy Neidich filed a Notice of Deficiency for Confirmation due to delinquency of the Debtors' filings.

32. On 06/02/2022 the Trustee's filed a Request for Entry of Order Dismissing Case Upon Denial of Confirmation of Plan.

33. On 06/03/2022 this Honorable Court enter an Order Granting Trustee's Request for Order Dismissing Case Upon Denial of Confirmation of Plan (Re: # 59).

34. Debtors' previous Chapter 13 was dismissed for failure to file paperwork in direct violation of the Trustee's requirements and the denial of the confirmation of a plan.

35. As a result of the dismissal of the Chapter 13 Petition, the Creditors through the undersigned attorney of record once again set unopposed Motion for Summary Judgment in the 11th Judicial Circuit of Miami Dade Florida Case # 2021-006102-CA-01 for hearing scheduled for August 24, 2022.

36. Once again, the Debtors filed a Chapter 13 Petition on August 3, 2022 and a Suggestion of Bankruptcy in the pending State of Florida collection cases just prior to the hearings establishing a judgment against the Debtors.

37. The Debtors behavior has the appearance of attempting to manipulate the bankruptcy system and confirms the presumption of bad faith filing.

38. The Debtors have used repeated filings to thwart valid creditor actions.

39. The Debtors are known to repeatedly file and dismiss bankruptcy cases for no other reason than to delay lawful proceedings. Doing so is not considered a proper use of the bankruptcy system and the court should not reward their actions by extending the 30-day automatic stay.

40. The Debtors Expedited Motion for Continuation of the Automatic Stay as to All Creditors is legally insufficient and unsupported by a sufficient factual basis.

41. As a result, of the multiple filings the current chapter 13 case is deemed under the law to be a case filed in bad faith. Pursuant to 11 U.S.C. §§ 362(c)(3)(C)(i)(II)(aa) & 362(c)(4)(D)(i)(II), the current case is deemed a case "presumptively filed not in good faith" because the Debtor failed to "file . . .documents as required by this title . . . ." in her prior bankruptcy cases filed last month. [See D.E. 08/25/2022 Chapter 13 Trustee's Notice of Deficiency for Confirmation (Neidich, Nancy)] In re Radson, 462 B.R. 911, 912 (Bankr. S.D. Fla. 2011) ("For purposes of this motion, because the Debtor's first case was dismissed for failure to file substantial documentation, this second case is presumptively not filed in good faith pursuant to § 362(c)(3)(C)(i)(II)(aa). The Debtor has not offered clear and convincing evidence to rebut this presumption under § 362(c)(3)(C).")

42. Under the statute, the presumption of bad faith may be rebutted only by "clear and convincing evidence to the contrary" and debtors bear the burden of rebutting the presumption of bad faith. In re Muhammad, 536 B.R. 469, 473 (Bankr. M.D. Ala. 2015) ("The debtor has the burden of proof to show that she has filed her petition in good faith."); In re Morales, 366 B.R. 919, 922 (Bankr. D.Neb. 2007) ("Debtor has failed to rebut the presumption that the present case was not filed in good faith since Debtor has failed to

present clear and convincing evidence to the contrary."); In re Tate, 2016 Bankr. LEXIS 4487 *6 (Bankr. N.D. Iowa 2016) ("It is debtor's burden to rebut the presumption of bad faith and show by clear and convincing evidence that he filed the case in good faith."); In re Ellis, 339 B.R. 136, 141 & 144 (Bankr. E.D. Pa. 2006)

43. The statute states that only "clear and convincing" evidence can overcome the presumption of bad faith. Under applicable caselaw, the "'clear and convincing' standard of proof is an intermediate standard that lies between a 'preponderance of the evidence' and 'beyond a reasonable doubt.'" Ferguson, 376 B.R. at 119 (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 2005 U.S. Dist. LEXIS 5999, 2005 WL 941671, at *7 n.21 (E.D. Pa. Mar. 31, 2005)). The "clear and convincing" standard has been defined in various ways.

44. In this case, the Debtor has not made the necessary evidentiary showing. Congress enacted section 362(c)(3) & (4) to break the cycle of repetitive failed chapter 13 cases. The statute "indicates that Congress intended it to deter second filings." *Reswick v. Reswick* (In re Reswick), 446 B.R. 362, 372 (9th Cir. BAP 2011) ("The legislative history demonstrates that Congress intended to deter successive bankruptcy filings by imposing stricter limitations on the power of the automatic stay as subsequent bankruptcy cases are filed . . . . The history of section 362(c)(3)(A) indicates that Congress intended it to deter second filings. For this provision to have its intended effect, it must be interpreted as terminating the automatic stay in its entirety."). As a result, feasibility is a central issue in considering a motion under section 362(c)(3) to continue the automatic stay or a motion under section 362(c)(4) to impose the stay. Can the Debtor demonstrate feasibility? Filing a chapter 13 case that lacks viability or feasibility is not in good faith. Will the new chapter 13 case succeed given that prior chapter 13 cases by the same Debtor have failed? See, e.g.,

Morales, 366 B.R. at 922 (denying a motion to extend or impose the stay and stating that the "probability of success of Debtor's plan is the most important factor in determining good faith" and the "debtor's failure to establish as a matter of fact that her plan is feasible may support a finding of lack of good faith, particularly where that failure occurs in a second or third bankruptcy case commenced by the same debtor . . . .").

**WHEREFORE,** the Movant Creditors request this Court to deny the Debtors' Motion for Continuation of the Automatic Stay as to All Creditors.

### CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that the undersigned is admitted to the Bar of the United States District Court for the Southern District of Florida and is in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system on this 31st day of August 2022 and was served on by U.S. Mail and/or Electronic mail sent by the CM/ECF system to those persons/parties to the bankruptcy proceedings and/or listed on the service list below.

>GLASSBERG & GLASSBERG, P.A.
>By: /s/ David M. Glassberg
>David M. Glassberg (Fla. Bar No. 393916)
>Glassberglaw@aol.com
>Glassberg & Glassberg, P.A.
>13611 South Dixie Highway, #109-514
>Miami, Florida 33176
>Office: (305) 669-9535
>Fax: (305) 255-9969

## SERVICE LIST FOR CASE NUMBER 21-22123-AJC

James Schwitalla, Esq.
12954 SW 133rd Court
Miami, Florida 33186
Tel.: (305) 278-0811
Email: jwscmecf@bellsouth.net
*Attorney for Debtors Riquel Gonzalez Salcerio and Teresa N. Rivero*

Nancy K. Neidich
P.O. Box 279806
Miramar, Florida 33027
*Email: e2c8f01@ch13miami.com;*
*edf2@ch13miami.com*
Ch. 13 Trustee

Office of the US Trustee
51 SW 1st Ave. Suite 1204
Miami, Florida 33130
Email: USTPRegion21.MM.ECF@usdoj.gov
 *U.S. Trustee*